UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CURT A. WYKSTRA,

                                Plaintiff,

     -v.-                                    5:09-CV-01291
                                                    (NPM)

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

                                Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| SATTER & ANDREWS, LLP<br>Attorneys for Plaintiff<br>217 South Salina Street<br>6th Floor<br>Syracuse, New York 13202 | ROSS P. ANDREWS, ESQ. |
| WILSON, ELSER, MOSKOWITZ,<br> EDELMAN & DICKER, LLP<br>Attorneys for Defendant<br>3 Gannet Drive<br>White Plains, New York 10604-3407 | EMILY ANNA HAYES, ESQ.<br>FRED N. KNOPF, ESQ. |

Neal P. McCurn, Senior District Judge

## *MEMORANDUM - DECISION and ORDER*

### *I.  Introduction*

      Currently before the court is a motion by defendant, Life Insurance

Company of North America ("LINA"), pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, seeking an amendment of this court's February 2, 2012 Memorandum-Decision and Order ("MDO").  Familiarity with that MDO is presumed.  See Wykstra v. Life Ins. Co. of N. Am., No. 5:09-cv-01291, 2012 WL 360134 (N.D.N.Y. Feb. 2, 2012).

　　　LINA argues that to the extent this court ordered that LINA shall pay long-term disability benefits to plaintiff, Curt A. Wykstra, going forward, "unless a termination of benefits is consistent with the Policy and justified by a change in Plaintiff's condition," id., at *11, said language creates an inconsistency, as there are circumstances under which, in accordance with the Policy, plaintiff's benefits could be terminated without a change in his condition.  See LINA's Mem. of Law, Dkt. No. 46-5.  Plaintiff opposes the motion, arguing in the first instance that he would not have asserted that the challenged language in the MDO would have allowed him to continue receiving benefits if he failed to cooperate with LINA in accordance with the Policy's requirements, and in the second instance, that it is difficult to see how LINA could terminate plaintiff's benefits absent an improvement in his condition.  Therefore, plaintiff argues, there is no need for the requested amendment to the MDO.

　　　In an abundance of caution, the court will clarify its order to direct LINA to pay long-term disability benefits to plaintiff going forward, unless a termination of benefits is consistent with the Policy.  The remaining part of the sentence, as appeared in the MDO, "and justified by a change in Plaintiff's condition," is removed.  However, the court reiterates its finding that LINA acted arbitrarily and capriciously when it previously terminated plaintiff's long-term disability benefits based upon its erroneous conclusion that plaintiff was no longer disabled in

accordance with the terms of the Policy.  LINA is cautioned that it shall not repeat its error.

Accordingly, it is ORDERED that LINA's motion to alter this court's February 2, 2012 Memorandum-Decision and Order, in part, see Dkt. No. 46, is GRANTED; and it is further

ORDERED that the language "LINA shall pay long-term disability benefits to Plaintiff going forward, unless a termination of benefits is consistent with the Policy and justified by a change in Plaintiff's condition," which appears in the February 2, 2012 Memorandum-Decision and Order, at 20, Dkt. No. 44[1] shall be replaced with "LINA shall pay long-term disability benefits to Plaintiff going forward, unless a termination of benefits is consistent with the Policy;" and it is further

ORDERED that the remainder of the February 2, 2012 Memorandum-Decision and Order is unaltered and remains in effect.


IT IS SO ORDERED.


DATED:   March 16, 2012
         Syracuse, New York

_____
Neal P. McCurn
Senior U.S. District Judge

---

[1] See also 2012 WL 360134, at *11.

3